MARIE CATHERINE SIMENDINGER, as Executrix, etc., of ALPHONSE J. SIMENDINGER, Deceased, Respondent, *v.* HENRY K. POMROY and Others, Appellants.

First Department, January 14, 1921.

Corporations — action by representative of stockholder in corporations which have been merged and consolidated against syndicate managers for breach of agreement — complaint — no misjoinder of causes of action — demurrer.

In an action for the alleged breach of an agreement by the managers of a syndicate formed for the purpose of acquiring the capital stock of two domestic corporations in which the plaintiff's testator was a stockholder, with a view to merging and consolidating said corporations, it was alleged in substance that the syndicate managers, after making an agreement with the plaintiff's testator for the purchase of his stock in both companies, dissolved partnership and a new firm consisting of all the defendants except one, was formed and that it thereupon succeeded the first firm as syndicate managers and thereafter modified the original agreement with the stockholders.

*Held,* that since the violations alleged were by the second firm of syndicate managers and all the defendants with the exception of one were members of that firm there was no misjoinder of causes of action and, therefore, a judgment overruling demurrers to the complaint should be affirmed.

APPEAL by the defendants, Henry K. Pomroy and others, from an order of the Supreme Court, made. at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of August, 1920, overruling the demurrers of the defendants.

*James F. Sandefur* of counsel [*Rushmore, Bisbee & Stern,* attorneys], for the appellants.

*William G. Cooke* of counsel [*Howard O. Wood* with him on the brief; *Wood, Cooke & Seits,* attorneys], for the respondent.

LAUGHLIN, J.:

Plaintiff's testator was a stockholder of the E. M. Knox Retail Hat Company and of the Knox Hat Manufacturing Company, which were domestic corporations, and one E. M. Knox owned the majority of the capital stock of each of them. A syndicate was formed for the purpose of acquiring the capital stock of both companies with a view to merging and consolidating them into a new corporation to be organized under the name of the Knox Hat Company. The syndicate managers acquired the capital stock of both companies and incorporated a new company under the name of the Knox Hat Company, Inc., and transferred to it the capital stock of the other companies. The E. M. Knox Retail Hat Company was duly dissolved. Plaintiff alleges that the terms of the agreement under which her testator delivered to the syndicate managers his stock in the old companies were not complied with by the syndicate managers, and that since one of the companies was dissolved, he could not rescind and recover back the capital stock so delivered to the syndicate managers, and, therefore, the action is brought to recover the damages he sustained by the breach of the agreement by the syndicate managers. It is alleged that the firm of Pomroy Brothers, consisting of the defendants Henry K. and H. Arthur Pomroy and Lockett, became the first syndicate managers on the 29th

of April, 1913, and that on that day they entered into an agreement with said E. M. Knox for the purchase from him of sixty-seven per cent of the capital stock of the Knox Hat Manufacturing Company and of the E. M. Knox Retail Hat Company, and thereafter and on the same day opened negotiations with the plaintiff's testator for the purchase of his stock in the two companies, and promised and agreed to purchase the same on the same terms and conditions as they had agreed with Knox for the purchase of his stock; that in reliance thereon plaintiff's testator on the 19th of September, 1913, delivered to them his stock in the E. M. Knox Retail Hat Company, in accordance with a contract that day made between them by which the syndicate managers promised and agreed to deliver to him 450 shares of the second preferred stock of the new corporation, and agreed that in the event of their failure so to do, they would return his said stock; that said contract was made upon the further express condition that the purchase of said stock of the plaintiff's testator by the syndicate managers was upon the same terms and conditions and at the same price as the purchase by them of the stock of said Knox. It is further alleged that thereafter and on the 1st day of April, 1914, the said firm of Pomroy Brothers dissolved partnership, and the firm of Denny, Pomroy & Co., consisting of all of the defendants excepting Lockett, was formed and that it thereupon succeeded the firm of Pomroy Brothers as syndicate managers, " the purpose being to continue one unbroken control of the syndicate either as the firm of Pomroy Brothers, Promroy Brothers in liquidation or Denny, Pomroy & Co." It is further alleged that thereafter and on the 6th day of July, 1914, the syndicate managers entered into a new agreement with Knox by which the original agreement between the syndicate managers and him was modified by canceling that part thereof relating to the price to be paid for his stock, and by which the syndicate managers agreed that for each share of his stock in the E. M. Knox Retail Hat Company, upon which an arbitrary valuation of $200 per share was placed, he should receive fifty per cent in cash and fifty per cent in common stock of the new corporation, and that the new agreement with Knox further modified the original agreement in essential details changing materially

the value of the securities in the new company agreed to be given plaintiff's testator in exchange for his stock, in that, among other things, the capitalization was changed and the entire voting power was placed in the control of the common stockholders; that on the 8th of January, 1915, the syndicate managers delivered to plaintiff's testator 450 shares of the capital stock of the new company, evidently on the theory of performance of the agreement of their predecessors with him on the 19th day of September, 1913, but that they failed to inform or advise him or his agents or representatives of the change in the agreement which they had made with Knox on the 6th of July, 1914, as aforesaid and of which he had no knowledge; that on the basis of the agreement of July 6, 1914, between the syndicate managers and Knox, plaintiff's testator would have been entitled to receive $22,500 in cash and 225 shares of the common stock of the new company. Each of the defendants interposed a separate demurrer. The demurrers are identical and are on the grounds that it appears on the face of the complaint that alleged causes of action have been improperly united, in that a cause of action against the members of the first firm of syndicate managers is united with one against the members of the second firm; that the causes of action do not affect all the parties to the action, in that the cause of action against the members of the first firm does not affect the cause of action against the members of the second firm, and *vice versa,* and that a cause of action against the members of the first firm on the agreement of September 19, 1913, is united with a cause of action against the members of the second firm on the agreement made on the 8th of January, 1915.

I am of opinion that only one cause of action is alleged. There is no allegation of a violation of any agreement with the plaintiff's testator by the firm of Pomroy Brothers as the first syndicate managers. The violations alleged were by the second firm of syndicate managers, and all of the defendants, with the exception of Lockett, were members of that firm. There is, therefore, no misjoinder of causes of action, for only one cause of action is alleged and that is against the members of the second firm of syndicate managers. No cause of action appears to be alleged against Lockett, for he was not

a member of the second firm; but he has not demurred on that ground.

It follows that the order should be affirmed, with ten dollars costs and disbursements, with leave to the defendants to withdraw the demurrers and to answer on payment of said costs and ten dollars costs of motion at Special Term.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to defendants to withdraw demurrers and to answer on payment of said costs and ten dollars costs of motion at Special Term.